UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YONNIE FUNDORA, et al.,                                    MEMORANDUM AND ORDER
                Plaintiffs,
      - against -
87-10 51ST AVENUE OWNERS CORP.,                            13-CV-0738 (JO)
et al.,
                Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

Plaintiffs Yonnie Fundora, Tadeusz Wiczolek, and Robert Jasseliounas seek an award of attorney's fees and costs following a jury verdict in their favor on their claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). In support of their motion, plaintiffs have submitted billing records for their attorney, Justin Cilenti ("Cilenti"), and his two paralegals, and receipts of costs incurred. As detailed below, I award a total of $94,240 in attorney's fees and $7,505.16 in costs.

Both federal and state law authorize an award of attorney's fees and costs. *See* 29 U.S.C. § 216(b); NYLL § 663(1). Courts in this circuit assess fee applications using the "lodestar method," under which a reasonable hourly rate is multiplied by a reasonable number of hours expended. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *King v. JCS Enters., Inc.*, 325 F. Supp. 2d 162, 166 (E.D.N.Y. 2004) (citing cases).[1] District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous

---

[1] I use the term "lodestar" only for ease of reference. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 n.4 (2d Cir. 2008); *see also Millea v. Metro N. R.R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (describing the lodestar as producing a "presumptively reasonable fee" and noting that failure to calculate it as a starting point in determining a fee award is "legal error").

time records that describe with specificity the nature of the work done, the hours, and the dates. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

As set forth on the record of the conference on February 11, 2015, I determined that Cilenti's hourly rate would be reduced from $400 to $350 per hour and his paralegals' hourly rate would be reduced from $100 to $75 per hour, as is consistent with rates awarded in other FLSA cases in this district. *See Hernandez v. Prof'l Maint. & Cleaning Contractors Inc.*, 2015 WL 128020, at *7 (E.D.N.Y. Jan. 8, 2015) (awarding a rate of $350 for an experienced attorney in an FLSA case); *Gortat v. Capala Bros.*, 2014 WL 3818614, at *7-8 (E.D.N.Y. Aug. 4, 2014) (awarding $350 per hour to an attorney with 17 years of experience after a successful FLSA jury trial); *Guzman v. Joesons Auto Parts*, 2013 WL 2898154, at *5 (E.D.N.Y. June 13, 2013) (finding hourly rate of $75 for paralegals to be "presumptively reasonable").

Plaintiffs seek reimbursement for a total of 315 hours of work by their attorney and his paralegal assistants, including 294.2 hours for attorney Cilenti and a combined total of 20.8 hours for two paralegal assistants. The plaintiffs have submitted their counsel's billing records, and while the majority of this time billed is reasonable, some reductions are warranted. Specifically, I note that Cilenti has billed numerous entries for administrative tasks like scheduling interpreters or filing documents on ECF, as well as billed separate 0.1 hour entries each time he reviews or replies to an email or leaves a voicemail, though these tasks typically take little more than a minute. Additionally, Cilenti appears to bill travel time to and from court conferences at his full rate, when the practice in this circuit is to allow for billing at half the attorney's regular rate for travel time. *See, e.g., Mary Jo C. v. Dinapoli*, 2014 WL 7334863, at *8 (E.D.N.Y. Dec. 18, 2014).

One acceptable method for "trimming the fat" from a fee application, and one that consumes fewer judicial resources than a painstaking review of each time-entry, is for the court to impose an

"across-the-board percentage" cut of the total amount of time claimed. *In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 226, 237-38 (2d Cir. 1987). Under the circumstances of this case, I recommend reducing the number of attorney hours billed by ten percent. Doing so results in 264.8 hours for Cilenti. I see no need to make a comparable adjustment to the time billed for the work of the paralegal assistants. Those adjustments produce the following results: $92,680 for Cilenti's work (264.8 hours x $350/hour), and $1,560 for the work of paralegal assistants (20.8 hours x $75/hour). I therefore award attorney's fees in the total amount of $94,240.

The plaintiffs also ask for $8,861.21 in costs, reflecting costs for filing, service of process, court reporters, interpreters, car service, copies, supplies, and postage. The receipts filed in support of the application for costs only reflect charges of $7,505.16, and I therefore award the latter amount.

SO ORDERED.

Dated: Brooklyn, New York
February 19, 2015

/s/
JAMES ORENSTEIN
U.S. Magistrate Judge